**Patrick R. ZIMPFER, Plaintiff–Appellant,**

v.

**ITT LONG TERM DISABILITY PLAN FOR SALARIED EMPLOYEES, Defendant–Appellee.**

No. 00–56427.

D.C. No. CV–99–10771–R.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2002.*

Decided April 23, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and REED,** District Judge.

### MEMORANDUM ***

Patrick Zimpfer appeals the district court's grant of summary judgment to the ITT Long Term Disability Plan for Salaried Employees (the Plan) on his claim for improper denial of benefits. We affirm.

■ (1) The Plan documents were properly admitted because they are not hearsay. *See Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir.2000); *United States v. Rubier*, 651 F.2d 628, 630 (9th Cir.1981) (per curiam). Of course, documents must be authenticated, and these were. *See United States v. Tank*, 200 F.3d 627, 630 (9th Cir.2000).

■ (2) The Plan unambiguously confers discretion upon the Plan's Administrative Committee, and the Committee

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

properly delegated that discretion to Metropolitan Life Insurance Company. We have previously so held. *See Madden v. ITT Long Term Disability Plan,* 914 F.2d 1279, 1284–85 (9th Cir.1990). Moreover, the fact that the Summary Plan Description does not specifically mention that the Plan's Administrative Committee has discretion does not affect that discretion. *See Atwood v. Newmont Gold Co., Inc.,* 45 F.3d 1317, 1321–22 (9th Cir.1995); *see also Martin v. Blue Cross & Blue Shield of Va., Inc.,* 115 F.3d 1201, 1205 (4th Cir. 1997). Thus, our review is deferential; we review for abuse of discretion only. *See Vizcaino v. Microsoft Corp.,* 120 F.3d 1006, 1009 (9th Cir.1997) (en banc); *Atwood,* 45 F.3d at 1321; *Madden,* 914 F.2d at 1285.

■ (3) We have performed that review, and, while it is no doubt true that there was evidence to sustain a finding of disability, there was also substantial evidence to sustain the denial. We cannot say that the decision of the Plan was so unexplained or inexplicable that it constituted an abuse of discretion. *See Barnett v. Kaiser Found. Health Plan,* 32 F.3d 413, 416–17 (9th Cir.1994); *Taft v. Equitable Life Assurance Soc'y,* 9 F.3d 1469, 1473–74 (9th Cir.1993). *Regula v. Delta Family–Care Disability Survivorship Plan,* 266 F.3d 1130 (9th Cir.2001), does not change our conclusion because in this case the administrator had specific and legitimate reasons based on the record to decide as it did. *See id.* at 1140.

AFFIRMED.